Mark Ahlemeyer, OSB #095997
Assistant Federal Public Defender
Email: Mark_Ahlemeyer@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRAYAN DOBLADO-MORALES,<br><br>Defendant. | Case No. 3:26-cr-00058-SI-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, Brayan Doblado-Morales, through his counsel Mark Ahlemeyer, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). A sentencing hearing is currently scheduled for August 25, 2026.

On May 28, 2026, Mr. Doblado-Morales pleaded guilty to Possession with the Intent to Distribute Fentanyl, in violation of Title 21 U.S.C. § 841 (a)(l), (b)(1)(B)(vi). For the reasons articulated in an accompanying memorandum and that will be presented at sentencing, the defense respectfully requests that the Court sentence Mr. Doblado-Morales to 15 months' imprisonment, a three-year term of supervised release, and a $100 fee assessment.

## APPLICABLE LAW

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;
- To afford adequate deterrence to criminal conduct;
- To protect the public from further crimes of the defendant; and
- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Here, there is no dispute between the parties as to the appropriate advisory guideline range. After a three-level reduction for early acceptance of responsibility, the parties believe that the final offense level is 18, and that Mr. Doblado-Morales is in Criminal History Category I. The resulting advisory guideline range is 27-33 months of imprisonment. For the reasons stated in an accompanying memorandum and that will be presented at sentencing, the defense

respectfully requests that the Court find a 15-month sentence to be sufficient, but not greater than necessary.

Dated: August 19, 2026.

*s/ Mark Ahlemeyer*
Mark Ahlemeyer, OSB #095997